# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs February 10, 2004

## ANTHONY MURFF v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 7022    Joseph H. Walker, III, Judge**

---

**No. W2003-00467-CCA-R3-PC  - Filed February 26, 2004**

---

This is an appeal by the petitioner from the denial of his post-conviction relief petition.  The petitioner was originally convicted of especially aggravated robbery and sentenced to 60 years at 100% service.  After careful review, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and ROBERT W. WEDEMEYER, JJ., joined.

William Dan Douglas, Jr., Ripley, Tennessee, for the appellant, Anthony Murff.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey A. Brewer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, Anthony Murff, appeals the denial of his petition for post-conviction relief. The petitioner was originally convicted of especially aggravated robbery, a Class A felony, and sentenced to 60 years as a Range III, persistent offender, to be served at 100%.

The petitioner's direct appeal of his conviction and sentence resulted in an affirmation of both.  State v. Anthony Murff, aka Anthony Muff, No. W2001-01459-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 498 (Tenn. Crim. App. at Jackson, June 11, 2002).  The opinion recites a succinct summary of the facts underlying the conviction:

> On May 27, 2000, the seventy-seven-year-old victim, Robert Milton Woodard, Sr., who was partially paralyzed from a stroke, was alone in his apartment in Ripley when the forty-one-year-old defendant, Anthony Murff, came to his door, ostensibly seeking payment for having mowed the victim's lawn.  When the victim admitted the

defendant into his home, the defendant struck him multiple times in the head with a hammer, bound his arms behind his back with an electrical cord, and took cash from his wallet. The defendant was subsequently indicted on one count of especially aggravated robbery and one count of aggravated assault.

Id. at **2-3.

Following his unsuccessful direct appeal, the petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel. The petition contained the following grounds: 1) failure to adequately investigate; 2) inadequate consultation with the petitioner; 3) failure to file pretrial motions; 4) failure of trial court to substitute counsel; 5) ineffective jury selection; and 6) failure to insure proper jury instructions.

## Post-Conviction Hearing

Counsel for the petitioner, at trial and on direct appeal, was the first witness at the post-conviction hearing. She stated she had been an assistant public defender for ten and one-half years. She was appointed as counsel in General Sessions Court. Counsel recalled consulting with the petitioner four times during representation at the General Sessions level. As part of her preparation, she interviewed the victim, the State's witnesses, and those individuals suggested by the petitioner. She also visited the crime scene. An investigator assisted her in locating and interviewing witnesses, as well as liaison work with the petitioner. Her investigation did not confirm any evidence of violent behavior or tendencies by the victim.

Counsel stated that a full preliminary hearing was held, with four or five witnesses produced by the State. After the indictment was returned, she continued her investigation. Discovery was furnished by the State, and she met with the petitioner during representation in Circuit Court. She interviewed all State witnesses or heard their testimony at the preliminary hearing.

Approximately three months elapsed between the charges originally filed against the petitioner and the preliminary hearing. Counsel explained this was due to the victim's injuries, which were characterized as life threatening.

The petitioner refused to meet with counsel on one of her pretrial visits to the jail. Counsel informed the trial court, and a hearing was held the following day. The petitioner requested a new attorney be appointed, and the court denied the request. Following the hearing, counsel stated she was able to spend several hours with the petitioner preparing for trial. She felt prepared for trial. During jury selection, a sergeant of the jail where the petitioner was confined was seated as a prospective juror. Counsel stated she recommended his dismissal, but the petitioner wanted him retained due to the sergeant's fair treatment of the petitioner. The sergeant was seated as a juror. The petitioner's counsel testified that she reviewed the victim's medical reports from The Med, Baptist Lauderdale, and a rehabilitation facility. Counsel could not recall the exact number of times the victim had been struck but said there was one depressed skull fracture that required a metal plate

insert and several other deep gashes on the head. She recalled the petitioner had claimed that he only struck the victim once.

Counsel considered affirmative defenses and thought one was applicable, a "claim of right." This defense was based on the petitioner's claim that the victim owed him money for yard work. Counsel failed to file notice of this as an affirmative defense, and it was not included in jury instructions. However, the petitioner's claimed right to the money was argued to the jury.

After the petitioner's conviction, counsel reviewed the appellate issues with him. The petitioner brought up the issue of the sergeant on the jury, and counsel explained it was not an appropriate appellate issue as the petitioner had accepted the juror and the peremptory challenges were not exhausted. Counsel gave the petitioner a copy of the motion for new trial and proceeded to represent him on appeal.

On cross-examination, counsel reiterated that the victim's injuries were serious enough to render his survival questionable. Counsel could not recall the number of hours spent in consultation with the petitioner but did state that she met with him a total of nine or ten times. Counsel stated that she had filed pretrial motions. Counsel specifically denied any violation of the attorney-client privilege. Counsel stated that the jury instructions given were the "usual [ ] give[n] from the Tennessee Pattern Jury Instructions."

The petitioner testified that, had counsel investigated properly, she would have seen the victim was untruthful in his account. He also stated that, had counsel talked to physicians personally, she could have better refuted the prosecution theory on the number of injuries suffered by the victim. The petitioner also faulted counsel's lack of investigation into the possibility of the victim combining alcohol and Prozac.

The petitioner testified that he tried repeatedly to have counsel come and discuss his defense. He stated that his wife and mother called his counsel and that he sent word by inmates requesting her presence. He also sent a six-page letter to counsel in reference to preparing the defense. After the petitioner sent a letter of complaint to counsel's supervisor, she appeared for a conference three days later. The petitioner requested counsel take pictures of work he had performed at his mother's residence in order to explain his possession of the hammer. The petitioner complained that counsel did not agree with his desire to attack the victim's mental state. He stated that her investigation into the facts and his defenses were so deficient as to result in an unfair trial.

The pretrial motions that the petitioner desired to be filed were a motion to dismiss the indictment or a writ of habeas corpus. The petitioner contended that the statute of limitations would have expired for failure to hold a "preliminary hearing within the mandatory time limit."

In reference to allegations of non-communication in his petition, he stated there was a conflict between him and counsel. The petitioner said he was frustrated that counsel would not come and talk to him. He stated "[i]t got to the point where, . . . . I refused to see her." The petitioner

stated that he did not trust counsel and although they communicated at trial, he did not feel his input was accepted.

In reference to jury selection, the petitioner contended that he had opposed the retention of the sheriff's deputy as a juror. He stated that it would have been illogical for him to accept the sergeant after having filed a grievance on one of the sergeant's subordinates. The petitioner also stated his belief that, had expert medical testimony been acquired, it would have refuted the allegation that he had repeatedly struck the victim.

In his last allegation, the petitioner contended that counsel was deficient in not raising an affirmative defense and that, as a result, the jury instructions were inadequate or improper. The petitioner especially felt that self-defense was appropriate due to his claim that the victim had slapped him. A document reflecting the petitioner's requested jury instructions was introduced. Counsel had acknowledged, in her handwriting, that she failed to realize the "claim or right" was an affirmative defense until it was too late to file the required notice.

On cross-examination, the petitioner admitted that he had gone to the victim's house to collect a debt and, in fact, caused an injury. The petitioner stated that after the preliminary hearing, he and his counsel did not discuss the facts of his case.

**Analysis**

The petitioner in a post-conviction proceeding bears the burden of proving the allegations asserted in the petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). The trial court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. Goad, 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104

S. Ct. at 2065; State v. Honeycutt, 54 S.W.3d 762, 769 (Tenn. 2001). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002) (citing Strickland, 466 U.S. at 689, 104 S. Ct. at 2065). The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

The post-conviction judge filed an order setting forth his findings of fact and conclusions of law. In his findings, the judge rejected the petitioner's claim that counsel failed to adequately investigate his case and stated:

> Counsel was present for a full preliminary hearing, interviewed witnesses, went to the scene, took photographs and met with petitioner many times. An investigator worked on the case. The facts were not difficult. The [petitioner] did not deny being involved.

In regard to the petitioner's claim that an expert witness should have been retained to testify that the victim was not seriously injured, the post-conviction court pointed out there was no showing an expert would have testified in that manner. We note as well that it is the obligation of the petitioner to present such a witness at the evidentiary hearing. State v. Black, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).

The post-conviction court accepted the testimony of counsel as to her consultations with the petitioner and rejected the petitioner's claim of inadequate consultation. Likewise, the court found that appropriate pretrial motions were filed and that the petitioner had failed to show that a different result would have occurred had other motions been filed.

In reference to the petitioner's complaint of improper jury selection, the post-conviction court accepted counsel's testimony concerning her recommendation that the juror in question be excused and thus rejected the petitioner's claim. The post-conviction court stated that the petitioner had failed to show any applicable jury instructions that should have been given that were not given. In concluding that the petitioner had not shown that services of counsel were deficient or any resultant prejudice, the post-conviction judge found that the petitioner had failed to establish the factual allegations by clear and convincing evidence.

The post-conviction court accepted counsel's testimony concerning the investigation, consultation with the petitioner, and counsel's account of the jury selection. The evidence does not

preponderate against these findings, and we accept them. The petitioner failed to establish any viable pretrial motion that counsel should have filed on his behalf. The petitioner asserted that a writ of habeas corpus should have been filed when he faced a delay between arrest and the preliminary hearing. Such a filing would have been futile. Giovanny Morpeau v. State, No. M2002-00060-CCA-R3-CO, 2002 Tenn. Crim. App. LEXIS 706, at **5-6 (Tenn. Crim. App. at Nashville, Aug. 12, 2002) (order). The petitioner has failed to show deficiency in representation or prejudice in this regard.

Counsel conceded that the one affirmative defense she adopted, a "claim of right" as to the money taken, was not timely filed. However, the issue was argued to the jury and was considered on direct appeal. In rejecting this argument, this Court stated, "the amount of money the victim may have owed the [petitioner] has no bearing on the [petitioner's] conviction for especially aggravated robbery." Anthony Murff, 2002 Tenn. Crim. App. LEXIS 498, at *20.

For the foregoing reasons, we conclude that none of the petitioner's allegations merit relief and affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE